■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LIONEL GILLENWATER, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 13, 1968, convicting him of feloniously possessing and selling narcotic drugs (on several counts), upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, Acting P. J., Martuscello, Latham and Kleinfeld, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: Defendant was charged with the sale of narcotics to an undercover police officer who had allegedly been introduced to him by one Colbert. Colbert was not called as a witness. The prosecutor made these statements during his summation: " My job as the Assistant District Attorney is to present to you the legal, admissible evidence. And it may shock you to know that is not quite as easy as it sounds. Because what may be legal, admissible evidence, may not be true today, and what may be true in the next courtroom may not be true here. I abide by His Honor's rulings as best I can and attempt to comply with them. Unfortunately, legal, admissible evidence has nothing to do with common sense and intelligence, because you may sit there and say to yourselves: ' How come we didn't hear about this and this?' Now, this is the normal, intelligent reaction while sitting there as a juror. I would have the same feeling if I sat there and the answer simply is, it may be something that may not be brought to your attention because it is not proper, legal, admissible evidence. * * * There is also another principle of law, if the District Attorney calls a witness to that stand and the witness uses the Fifth Amendment, and the District Attorney knows he is going to use the Fifth Amendment, that's what they call reversible error, because all we can do is plant a seed in your mind by deliberately calling someone who is going to plead the Fifth Amendment, and it is highly improper for me to do so. And I suggest to you in this case, that's exactly what would have happened if Willie Colbert was called as a witness. But, in any event, the testimony here, Willie Colbert is a seller of narcotics. He is not a paid informer for the Nassau County Narcotics Squad." The first statement clearly implied that the prosecutor had proof of guilt that the Trial Judge, perhaps erroneously, was keeping from the jury; it thus was, in effect, a vouching by the prosecutor for defendant's guilt, even if not proven, and in invitation to the jury to speculate about what that proof might be. The second statement plainly implied that Colbert was a known narcotics seller, implicated in this crime, and would have taken the Fifth Amendment if called as a witness; it thus accomplished by indirection

exactly what the prosecutor knew he could not do directly, namely call a witness knowing he would take the Fifth Amendment. In my opinion these comments were so grossly improper and prejudicial that they cannot be overlooked and a new trial must be had.